FILED 2 JUN '22 10:38 USDC-ORP

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_____ District of Oregon

Portland Division

|  |  |
|---|---|
| Derek Bluford | Case No.   3:22-cv-00811-SI |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |
| -v- | |
| David Prock Jr. | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                                    Derek Bluford

All other names by which

you have been known:                    _____

ID Number                               Reg # 77108-097

Current Institution                     Federal Correctional Institution Sheridan

Address                                 P.O. Box 5000

                                        Sheridan              OR        97378
                                        *City*              *State*    *Zip Code*

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name                                    David Prock Junior

Job or Title *(if known)*               Lieutenant of S.I.S

Shield Number                           Unknown

Employer                                Dept. of Justice, Bureau of Prisons, FCI Sheridan

Address                                 P.O. Box 8000

                                        Sheridan              OR        97378
                                        *City*              *State*    *Zip Code*

                                        ☑ Individual capacity    ☑ Official capacity

Defendant No. 2

Name                                    _____

Job or Title *(if known)*               _____

Shield Number                           _____

Employer                                _____

Address                                 _____

                                        _____
                                        *City*              *State*    *Zip Code*

                                        ☐ Individual capacity    ☐ Official capacity

Page 2 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

    Name

    Job or Title *(if known)*

    Shield Number

    Employer

    Address

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

☐ Individual capacity     ☐ Official capacity

Defendant No. 4

    Name

    Job or Title *(if known)*

    Shield Number

    Employer

    Address

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

☐ Individual capacity     ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☑ Federal officials (a *Bivens* claim)

    ☐ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

N/A

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

See attachment titled "Basis for Jurisdiction: Section C"

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See attachment titled "Basis for Jurisdiction: Section D"

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☐    Convicted and sentenced state prisoner

☑    Convicted and sentenced federal prisoner

☐    Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

See attachment titled "Statement of Claim: Section B"

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

_Bureau of Prisons, Federal Correctional Institution Sheridan_

2.   What did you claim in your grievance?

_All claims referenced in this claim_

3.   What was the result, if any?

_It was returned unfiled with threats and action leading to injuries._

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

_See Attachment titled "Exhaustion of Administrative Remedies, Section E, Question 4"_

Page 7 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.       What date and approximate time did the events giving rise to your claim(s) occur?

Between December 2021 through May 2022.

D.       What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See attachment titled "Statement of Claim; Section D"

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See attachment titled "Injuries"

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See attachment titled "Relief"

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Bureau of Prisons, Federal Correctional Institution Sheridan

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

Page 6 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.     If you did not file a grievance:

     1.    If there are any reasons why you did not file a grievance, state them here:

_____

     2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Due to retaliation threats, I am now in fear of my life for filing complaints.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.      If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.      Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    John Philip Stirling; Derek Bluford

Defendant(s)    Jose Salazar; DeWayne Hendrix

2.    Court *(if federal court, name the district; if state court, name the county and State)*

United States District Court for the District of Oregon

3.    Docket or index number

3:20-cv-00712-SB

4.    Name of Judge assigned to your case

Unknown

5.    Approximate date of filing lawsuit

2021

6.    Is the case still pending?

☑ Yes

☐ No

If no, give the approximate date of disposition _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Pending. A 2241 regarding Covid-19 issues at FCI Sheridan

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     5-31-2022

| | |
|---|---|
| Signature of Plaintiff | D— B— |
| Printed Name of Plaintiff | Derek Bluford |
| Prison Identification # | Reg # 77108-097 |
| Prison Address | P.O. Box 5000 |
| | Sheridan          OR     97378 |
| | City          State     Zip Code |

### B.     For Attorneys

Date of signing:

| | |
|---|---|
| Signature of Attorney | |
| Printed Name of Attorney | |
| Bar Number | |
| Name of Law Firm | |
| Address | |
| | City          State     Zip Code |
| Telephone Number | |
| E-mail Address | |

Basis for Jurisdiction: Section C

① Fourteenth Amendment

-Due Process Clause

② Eight Amendment

-Cruel and Unusal Punishment

③ Fifth Amendment

-Due process of law

④ First Amendment

-Petition the government for a redress of grievances (the right of access to the courts)

<u>Basis for Jurisdiction: Section D</u>

The Defendant, David Proch Junior, is an employee of the United States Department of Justice, Federal Bureau of Prisons, Federal Correctional Institution Sheridan. Mr. Proch Junior was on active duty and working while the events took place, which are now resulting in this claim/lawsuit, therefore constituting the Defendant acting under color of federal law.

Statement of Claim: Section B

    The events giving rise to my claim arose at the Federal Correctional Institution Sheridan, located in the city of Sheridan, and the state of Oregon. Specifically in the Housing Unit 2A, the lieutenants office, and the Special Housing Unit. These events referenced in my claim took place between December 2021 through May 2022.

Statement of Claim: Section D

Plaintiff was placed in the SHU at FCI Sheridan on January 25, 2022, pending a threat assessment. In the prior month of December, and leading up until the incident date, the Plaintiff had been assaulted, battered, and was being extorted.

Prior to the date that Plaintiff was placed in the SHU, his wife contacted FCI Sheridan staff via telephone, and had requested that someone check on the Plaintiff due to concerns. The Plaintiff was then called to the lieutenants office where he spoke with a lieutenant who at that time he believed was named "Turner." However, the lieutenants name was actually "Taylor". It should be noted that the Plaintiff previously contracted Covid-19 at FCI Sheridan and had to be taken to the Salem Emergency Hospital on September 13, 2021. The Plaintiff has since then not recoverd and deals with several post covid symptoms, (known as "long Covid") including brain fog and slight confusion. After the Plaintiff spoke with lieutenant Taylor, he was told to return to the housing unit.

Several days later, the Plaintiff then returned to the lieutenants office after receiving an extortion letter demanding $10,000.00 USD from him. During the time that the Plaintiff was at the lieutenants office, he spoke with Lieutenant Cerone, Captain Galberth, Lieutenant Moreno, and Correctional Counselor A. Rodriguez. Upon giving the extortion letter to Lt. Cerone, the lieutenant (Cerone) told the Plaintiff "now once I read this, I can't unread it".

Furthermore, the Plaintiff was informed that if staff determined that there was a threat, that he (the Plaintiff) would have to go to the SHU (Special Housing Unit). The Plaintiff understood, and then Correctional Counselor A. Rodriguez took possession of the extortion letter and typed up a statement.

During the statement process at the lieutenants office, the Plaintiff once again voiced his concern over his belief that Correctional Counselor Brent Cray informed inmates that he (the Plaintiff) cooperated with the government. These statements from the Plaintiff infuriated Correctional Counselor A. Rodriguez, and he informed the Plaintiff that he (A. Rodriguez) has worked with Mr. Cray for almost 20 years and would not let the Plaintiff cause him trouble.

The Plaintiff was then handcuffed and taken to the SHU. Upon the Plaintiff arriving, he was immediately strip searched and changed out into SHU clothing. All of the Plaintiffs belongings were confiscated, logged and reported onto a property reciept form.

David Prock Junior, is a FCI Sheridan SIS officer, currently holding the rank of a lieutenant. Mr. Prock Jr. opened, managed, and closed the investigation (Case #: SHE-22-0073) regarding the Plaintiff.

On April 13, 2022, Mr. Prock Jr. requested that the Plaintiff be brought to him for interview regarding the then-active investigation. By this point, the Plaintiff had

been in the SHU for 78 days, and was already informed that he (the Plaintiff) would be punished for filing so many complaints, by his case being delayed (therefore subjecting the Plaintiff to remain housed in segregation a.k.a "the SHU"), and him being ultimately given "Diesel Therapy".

During the Plaintiffs interview with Mr. Prock Jr., the Plaintiff immediately noticed that Mr. Prock Jr. was very dismissive, unattentive, and condescending. Nonetheless, the Plaintiff walked Mr. Prock Jr. through the incident(s) that took place in the month of December 2021 and January 2022. The Plaintiff explained that Mr. Prock Jr could easily pull his (the Plaintiff) emails from TRULINC to verify the money request that he was forced to send, and also pull the security footage from the 2A Housing Unit showing the computer area, as it would show the extorter reading the Plaintiffs email before sending it. The Plaintiff's family received the email request, requesting that money be sent electronically to an Aaron Mitchell, who is the agent of the extorter (Milton Carter), and immediately sent the money.

When discussing his (the Plaintiff) cooperation with Mr. David Prock Jr, the Plaintiff did confirm that he had participated (cooperated) in the governments investigation into numerous current and former politicans.

After the Plaintiffs interview concluded with Mr. Prock Jr, the Plaintiff was then notified by Lieutenat Moreno that his SIS investigation and case had "closed", that they had

"verified the threat", and finally that "due to the threat, the Plaintiff would be getting transferred to another prison". ~~wwwww wwwwwwwwk~~ This occurred on 4-25-2022. 90 Days after the Plaintiff arrived at the SHU, and the maximum time allowed to investigate cases.

Over the course of the next few weeks, the Plaintiff wanted to make sure that his complaints were logged and that the higher ranking staff were aware of the retaliation events, threats, and actions that took place. However, most of the Plaintiffs "Request for Administrative" Remedy" were returned to him untouched (no response, no action, not even logged), and delivered with threats from staff (Mr. Brent Cray). Being that one "Request for Administrative Remedy" complaint involved the Defendant, Mr. David Prock Jr, he was notified.

On May 21, 2022, Mr. David Prock Jr, directly retaliated against the Plaintiff by creating a fraudulent Incident Report. Despite Mr. Prock Jr. closing the Plaintiffs SIS case on April 25, 2022, he falsified a federal document (Incident Report) stating that he (David Prock Jr) had just become aware that the Plaintiffs case had closed nearly 26 days later (after he closed it) only to meet BOP policy that Incident Reports be written and issued within 24 hours.

In addition, the "Incident Date" is logged as 4-11-2022, which was nearly 40 days prior to the Incident Report, and not even the day that the Plaintiff met with the Defendant.

In Mr. Prock Jrs fabricated Incident Report, he made numerous false statements.

The Plaintiff has endured great emotional distress, acts of retaliation, stress, and physical injuries all at the hands (cause) of Mr. Prock Jr and FCI Sheridan. The Plaintiffs Constitutional Rights have been violated, and now he seeks justice.

The Plaintiff has previously through his attorney, Cyrus Zal (a licensed California attorney) and himself requested and sent "Litigation Hold" notices to FCI Sheridan to perserve all relevant security footage, emails, and communications that the Defendant has had regarding the Plaintiff and his SIS investigation.

## Injuries

The Plaintiff has suffered physical and mental injuries due to the Defendant. In addition, the Plaintiff was sentenced to additional loss time of privileges.

No medical or psychological services have been or are being provided to the Plaintiff due to retaliation.

<u>Relief</u>

Due to the Defendants cruel and unusal behavior that resulted in the Plaintiff being physically and mentally injured, the Plaintiff request $75,000.00 in damages, and request punitive damages, so that the Defendant is detered from doing this again, as his actions were malicious.

The Plaintiff further request that the court grant an injunction for the following:

1) Injunction for the Bureau of Prisons, General Counsel to investigate Mr. David Prock Jr for falsely writing an Incident Report, therefore falsifing a federal document

2) Injunction for the Bureau of Prisons to remove and void the Incident Report issued to the Plaintiff

3) Injunction or referral to the Oregon Federal Bureau of Investigation, requesting that their office look into this matter

4) Injunction for the Oregon United States Attorneys Office to investigate the Plaintiffs extortion, and prosecute the offenders once they confirm/verify the crimes that took place.

Exhaustion of Administrative Remedies: Section E, Question 4

The Plaintiff attempted to file two Request for Administrative Remedy, but had them returned to him with no action. Plaintiff was then threatened with further acts of retaliation, and his roommate and all inmates on his tier in the SHU were notified by the staff member yelling/speaking loudly that he "cooperated with the FBI" which lead to even further injuries. Plaintiffs roommate was already granted relief from a serious write-up (Bodily harm threat to a staff) if he "took care of" the Plaintiff.

Despite the Plaintiffs unsuccessful attempts at having his two recent and two former Request for Administrative Remedy returned and blocked, the Plaintiff mailed two additional Request for Administrative Remedy forms to his wife to mail to the Warden of FCI Sherridan via tracking usps. Plaintiff was informed that staff knew he mailed out forms and that they would still not be accepted.