IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DEREK BLUFORD**,

    Plaintiff,

v.

**DAVID PROCK, JR**,

    Defendant.

Case No. 3:22-cv-811-SI

**ORDER**

**Michael H. Simon, District Judge.**

    Plaintiff Derek Bluford, an incarcerated individual representing himself, brings this action against David Prock, Jr., an employee of the Bureau of Prisons. Plaintiff alleges that Defendant violated Plaintiff's constitutional rights, and asserts claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Defendant moves to dismiss, arguing that none of Plaintiff's claims are cognizable under the Supreme Court's analysis of *Bivens* clams as articulated in *Egbert v. Boule*, 142 S. Ct. 1793 (2022).

    In response to Defendant's motion to dismiss, Plaintiff concedes his *Bivens* claims against Defendant. ECF 25. Plaintiff moves for leave to file an amended complaint raising tort claims against a new defendant, the United States, under the Federal Tort Claims Act (FTCA).

PAGE 1 – ORDER

ECF 25. In his motion for leave to file an amended complaint, Plaintiff states that he submitted a tort claim form in June 2022 and the six month deadline passed without a response, thereby exhausting his administrative remedies under the FTCA.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (cleaned up). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)).

Defendant argues that the Court should deny Plaintiff's motion to amend and he should instead be required to file a new lawsuit against the United States. This argument is rejected as a basis for denial under Rule 15. Defendant also argues that Plaintiff may not properly have exhausted his administrative remedies under the FTCA or may not properly state a claim under the FTCA. Defendant does not make specific arguments or demonstrate futility. Thus, such arguments are not a basis to deny amendment under Rule 15 and are better addressed in a Rule 12 motion. Defendant also states that the United States may need 60 days to respond to

PAGE 2 – ORDER

Plaintiff's 149-page complaint and requests additional time to respond if the Court grants Plaintiff leave to amend.

Plaintiff also filed a motion for spoliation requesting sanctions. Plaintiff asserts that his former prison, FCI Sheridan, has withheld Plaintiff's legal materials and may have destroyed some legal materials. After Defendant's response, however, Plaintiff requests that the Court withdraw the motion with leave to refile after discovery begins in this case.

The Court GRANTS Defendant's Motion to Dismiss, ECF 19. The Court dismisses the claims against Defendant Prock with prejudice. The Court GRANTS Plaintiff's Motion for Leave to File a Verified First Amended Complaint, ECF 24. The Court Clerk is directed to file ECF 24-1 as Plaintiff's First Amended Complaint and revise the docket in this case to reflect that the defendant is now the United States. The Court GRANTS the United States' request for extension of time to respond to the First Amended Complaint. The deadline for the United States' answer or other responsive pleading is December 5, 2023. The Court accepts Plaintiff's withdrawal of his Motion for Spoliation, ECF 18, and terminates this motion, without prejudice and with leave to renew.

**IT IS SO ORDERED.**

DATED this 5th day of October, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge