IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DEREK BLUFORD**,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**UNITED STATES OF AMERICA**,<br><br>　　　　　Defendant. | Case No. 3:22-cv-811-SI Lead<br>Case No. 3:22-cv-1005-SI Consolidated<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

　　　　Plaintiff Derek Bluford, an incarcerated individual representing himself, brings two actions that are pending before the undersigned U.S. District Court Judge against the United States (3:22-cv-811-SI) and against several employees of the Bureau of Prisons (3:22-cv-1005-SI). Against the employees, the Court allowed Plaintiff to proceed with *Bivens* claims asserting deliberate indifference to Plaintiff's medical needs. In the other action, Plaintiff amended his complaint in October 2023 with leave of Court, replacing the sole defendant with the United States and adding claims under the Federal Tort Claims Act ("FTCA"). After the Court's grant of a motion to consolidate by the United States and the employees, Plaintiff filed the Second Amended Complaint ("SAC"), a consolidated complaint addressing all claims against all Defendants.

PAGE 1 – ORDER

Defendants move to dismiss the SAC. ECF 56. Defendants move to dismiss Plaintiff's *Bivens* claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Plaintiff's FTCA claims for lack of subject matter jurisdiction under Rule 12(b)(1). Because Defendants filed a substantive declaration in support of their Rule 12(b)(6) motion, the Court notified the parties that it would construe that motion as a motion for partial summary judgment under Rule 56(a). ECF 72.

Plaintiff moves to file Third Amended Complaint. Plaintiff requests leave to add claims under state law and the federal Rehabilitation Act. The Court addresses each motion in turn.

### A.  Motion to Dismiss

"The FTCA requires administrative exhaustion and sets time limits for both exhaustion and the filing of a lawsuit." *Booth v. United States*, 914 F.3d 1199, 1202 (9th Cir. 2019). A plaintiff may not institute an action against the United States for money damages for injury to person or property by a federal employee "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b). Such a tort claim is also barred "unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *Id.* An agency's failure to respond to an administrative claim for six months constitutes a final denial. 28 U.S.C. § 2675(a). "§ 2401(b) is a nonjurisdictional claim-processing rule." *Wong v. Beebe*, 732 F.3d 1030, 1047 (9th Cir. 2013) (en banc), *aff'd and remanded sub nom. United States v. Wong*, 575 U.S. 402 (2015).

PAGE 2 – ORDER

Defendants argue that Plaintiff's FTCA claim against the United States is barred because Plaintiff did not submit his administrative claim form before he filed in federal court his original complaint in Case No. 3:22-cv-811-SI. Defendants are correct "that before an individual can file an action against the United States in district court, [he] must seek an administrative resolution of [his] claim." *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). The Ninth Circuit has explained, however, that when an "original complaint neither name[s] the United States as a defendant nor state[s] a claim under the [FTCA]," a plaintiff may "amend[] his complaint to name the United States and include an FTCA cause of action after the government [fails] to respond to his administrative claims within six months" or denies his claim. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011); *see also id.* at 856 ("There is nothing in the statute or our case law that would prevent a plaintiff from amending an existing complaint asserting non-FTCA claims to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted.").

In *Valadez-Lopez,* the plaintiff originally sued local and federal officials under 42 U.S.C. § 1983 and *Bivens*. *Id.* at 854. He sent an FTCA notice, waited the statutory time period, and then filed an amended complaint adding an FTCA claim and naming the United States as a defendant. *Id.* The district court dismissed for lack of subject matter jurisdiction because the original complaint had been filed before administrative exhaustion, but the Ninth Circuit reversed, finding that the FTCA claim was timely because the amendment added the FTCA claim and the United States after the administrative exhaustion. *Id.* at 855.

This case is similar to *Valadez-Lopez* because Plaintiff originally sued a defendant other than the United States for claims other than the FTCA. Plaintiff filed his original complaint in Case No. 3:22-cv-811-SI against David Prock, Jr. asserting *Bivens* claims. Plaintiff submitted to

the Bureau of Prisons a Standard Form 95 ("SF-95") dated October 29, 2022, and instead of detailing his allegations on the SF-95 form, he explained that he was seeking various "state torts" against the agency and attached the amended complaint from Case No. 3:22-cv-1005-SI, which brought claims against other individual defendants.[1] On March 3, 2023, Plaintiff moved for leave to amend in Case No. 3:22-cv-811-SI, seeking to change the defendant from David Prock, Jr. to the United States and change the claim to under the FTCA. On June 22, 2023, the government denied Plaintiff's administrative claim. On October 5, 2023, the Court granted Plaintiff's motion for leave to amend. Plaintiff filed his amended complaint that same day.

Under *Valadez-Lopez*, Plaintiff could file an amendment to bring his new FTCA claim against the newly-named defendant United States. In considering whether Plaintiff *timely* filed his amendment, the Court finds *Wong* instructive, although ultimately the Court need not consider equitable tolling, unlike the court in *Wong*. Plaintiff filed his motion to amend before the six month period had elapsed from when he sent his SF-95, making the motion too early, like in *Wong*. Plaintiff filed a detailed reply brief after the six month period, like in *Wong*. The Court decided the motion after six months had elapsed from the six-month constructive denial period, making the date the amended complaint was filed too late under that matrix, like in *Wong*. But in this case, the government's formal denial of the administrative claim, which "start[ed] anew the clock on the six-months limitations period in § 2401(b)," *Wong*, 732 F.3d at 1034, was not until June 22, 2023. Thus, the clock did not run from that new limitations period until December 22, 2023. The Court's decision granting Plaintiff's leave to amend and Plaintiff's filing of the

---

[1] The Court ultimately did not construe that complaint as properly alleging state law claims against those individuals and only allowed Plaintiff to proceed on his *Bivens* claims. The Court granted Plaintiff leave to file a second amended complaint alleging state law claims. Plaintiff did not timely file a second amended complaint.

amended complaint on October 5, 2023 was therefore timely, unlike in *Wong*. The Court thus need not consider equitable tolling.

Defendants' only argument that Plaintiff's claim should be dismissed is that he did not raise it in his original complaint in Case No. 3:22-cv-811-SI.[2] Defendants do not address the Ninth Circuit's holding in *Valadez-Lopez* that a plaintiff may amend to add the United States and an FTCA claim to an existing complaint that did not otherwise allege a claim against the United States. Nor do Defendants address *Wong* and how the Court should analyze the timeliness of Plaintiff's amended complaint. Because Plaintiff timely filed his amended claim asserting his FTCA cause of action, and because that claim was permissible to raise for the first time in an amended complaint under the circumstances, the Court rejects this aspect of Defendants' motion.

### B. Motion for Summary Judgment

Defendants present their motion against Plaintiff's *Bivens* claims as one under qualified immunity, but the basis of the motion is that Plaintiff fails to show the subjective knowledge prong of an Eighth Amendment claim. Essentially, Defendants argue that there is no issue of fact[3] that they violated Plaintiff's rights under the Eighth Amendment, which would end Plaintiff's claim on the merits and also would mean Defendants have qualified immunity. *See, e.g.*, *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (establishing that the first step in analyzing

---

[2] Defendants argue that Plaintiff could not attach his complaint in Case No. 3:22-cv-1005-SI to support his FTCA administrative claim that would underlie his claim in Case No. 3:22-cv-811-SI, because a plaintiff must exhaust administrative claims first before filing a lawsuit against the United States. Nothing, however, prevents Plaintiff from using detailed allegations he drafted for a different lawsuit directly against agency employees to support his administrative claim against the United States.

[3] As previously stated, Defendants moved to dismiss, arguing that Plaintiff failed to allege the requisite knowledge, but because of the extrinsic evidence relied on by Defendants, the Court converted the motion to a motion for partial summary judgment. The parties filed additional extrinsic evidence in their remaining briefing.

qualified immunity is determining "whether a constitutional right would have been violated on the facts alleged").

Defendants' sole argument is that Plaintiff did not notify Defendants about his heart condition before Plaintiff was hospitalized on September 13, 2021. In support, Defendants provide Plaintiff's medical records and a declaration from Dr. Andrew Grasley, the Clinical Director for the Federal Correctional Institution at Sheridan ("FCI Sheridan"), who provided a chronological discussion of Plaintiff's medical history, with commentary and Dr. Grasley's professional opinion that Plaintiff received medical care at or above the community standard of care and that Dr. Grasley was not deliberately indifferent to Plaintiff's medical needs.

Plaintiff responds by providing a copy of a "Health Intake Assessment/History" form that is dated May 20, 2021, which he contends he completed upon arriving at FCI Sheridan.[4] This form lists his heart conditions. Plaintiff also cites exhibits from the Second Amended Complaint.[5] The Court notes that on September 8, 2021, Plaintiff submitted an "Inmate Request to Staff" Form to medical in which he stated that he thought he had COVID-19, reported symptoms consistent with COVID, and he noted that he had "heart issues" and wanted to avoid "serious risk." ECF 49 at 165. This form is not part of Dr. Grasley's chronological discussion of

---

[4] Plaintiff also states in his brief: "The Plaintiff and his attorney informed and reminded the Defendants individually that the Plaintiff was high risk for death or serious illness, if he contracted Covid-19." Plaintiff does not, however, make this statement under penalty of perjury or in a separate declaration and statements in briefs are not evidence. *See, e.g.*, *Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019) (noting that "legal memoranda are not evidence, and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment" (cleaned up)).

[5] Plaintiff also submits a report from the Inspector General about FCI Sheridan's medical department to challenge Dr. Grasley's credibility. There are nuanced issues regarding the effect of the Inspector General's report on Dr. Grasley's Declaration, but because the Court finds Plaintiff's other evidence sufficient to create a triable issue, the Court declines to address the points raised by Plaintiff regarding the Inspector General's report.

Plaintiff's medical records and care before his September 13, 2021 emergency transport to the hospital. That same day, Plaintiff submitted the same form, addressed to Defendants Brent Cray and Patricia Ayala-Pena, again complaining that he had COVID-19 and stating that he had "heart issues and am high risk." *Id.* at 166. On September 12, 2021, Plaintiff issued another Inmate Request to Staff form to medical, complaining of COVID-19 symptoms and stating that had "heart issues." *Id.* at 173. This also is not part of Dr. Grasley's chronology.

Defendants respond by questioning the legitimacy of the May 2021 Intake Form, asserting that they no longer use that form. Plaintiff filed a surreply, with evidence that Defendants routinely use outdated forms. This type of fact dispute is for a jury to decide, not for the Court to decide at summary judgment, particularly when viewing the facts in the light most favorable to Plaintiff. Further, the Inmate Request to Staff forms submitted by Plaintiff in the five days leading up to his hospitalization provide additional evidence creating a fact dispute about whether Defendants knew about Plaintiff's heart condition before his hospitalization on September 13, 2021. Because there are disputed issues of fact regarding Defendants' knowledge, and that is the only basis on which Defendants' move for summary judgment, the Court denies Defendants' motion for partial summary judgment, without prejudice to file future dispositive motions.

**C. Motion to Amend**

On July 28, 2025, Plaintiff filed a Motion for Leave to File a Third Amended Complaint, ECF 89. Plaintiff requests leave to file a third amended complaint that adds state law tort claims against the United States under the FTCA, which would mean they are claims in Case No. 3:22-cv-811-SI.

Defendants' only argument in opposition is that the Third Amended Complaint does not cure the defects identified in Defendants' pending motion—that Plaintiff failed to apprise

PAGE 7 – ORDER

Defendants of his cardiac condition before his hospitalization and that Plaintiff failed to file his FTCA administrative claim before filing his federal lawsuit. The Court has rejected both of these arguments at this stage of the litigation. The Court thus grants Plaintiff's motion to amend.

## D. Conclusion

The Court DENIES Defendants' motion to dismiss Plaintiff's *Bivens* claims under Rule 12(b)(6), construed as a motion for partial summary judgment under Rule 56(a), and DENIES Defendants' motion to dismiss Plaintiff's FTCA claims under Rule 12(b)(1). ECF 56. The Court GRANTS Plaintiff's Motion for Leave to File a Third Amended Complaint, ECF 89. Plaintiff shall file his Third Amended Consolidated Complaint by October 10, 2025. Defendants shall respond to Plaintiff's complaint by October 31, 2025.

**IT IS SO ORDERED.**

DATED this 30th day of September, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge